UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD WILLIAMS,

    Plaintiff,

v.                                              Case No.:  8:21-cv-707-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

Plaintiff Edward Williams filed a Complaint on March 24, 2021.  (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed separate memoranda detailing their respective positions.  (Docs. 22, 23). For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**      **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A),

1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.     Procedural History

Plaintiff filed an application for supplemental security income on June 17, 2016, alleging a disability onset date of January 1, 2009. (Tr. at 27).[1] The claim was denied initially on August 16, 2016, and upon reconsideration on October 26, 2016. (*Id.*). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Donald G. Smith held that hearing on July 23, 2019. (*Id.* at 46-72). ALJ Smith issued an unfavorable decision on August 14, 2019. (*Id.* at 27-37). On May 21, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 8-13). Plaintiff then filed his Complaint with this Court on March 24, 2021, (Doc. 1), and the parties consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 18, 20). The matter is, therefore, ripe for the Court's review.

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations do not apply in Plaintiff's case because Plaintiff filed his claim before March 27, 2017.

**III.     Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2016, the application date. (Tr. at 29). At step two, the ALJ determined that Plaintiff has the following severe impairments: "asthma; degenerative disc changes of the lumbar spine; osteoarthritis of the knees; PTSD; bipolar disorder; history of substance abuse; and schizoaffective disorder (20 [C.F.R. §] 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 416.920(d), 416.925 and 416.926)." (*Id.* at 30).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to lift twenty pounds occasionally and ten pounds frequently; he can stand/walk up to six hours per day and sit up to six hours per day; he can never climb ladders, ropes or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; he must avoid vibration, temperature extremes, pulmonary irritants, hazardous machinery and heights; he can perform simple, routine, repetitive tasks such as unskilled work with an SVP of one or two and a [General Educational Development ("GED")] reasoning level up to three; he cannot perform fast-paced production or quota-driven work such as assembly lines; he can have occasional interaction with the public, coworkers and supervisors; he can maintain attention and concentration for two hours, then he requires a ten-minute break.

(*Id.* at 32). The ALJ also determined that Plaintiff "has no past relevant work (20 [C.F.R. §] 416.965)." (*Id.* at 36).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 416.969 and 416.969a)." (*Id.*). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy: bagger (Dictionary of Occupational Titles ("DOT")# 920.687-018); final inspector (DOT# 727.687-054); and marker (DOT# 209.587-034). (*Id.* at 36). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, since June 17, 2016, the date the application was filed (20 [C.F.R. §] 416.920(g))." (*Id.* at 37).

## IV.     Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.   Analysis

On appeal, Plaintiff purports to raise one issue. As stated by Plaintiff, the issue is "[whether] the [ALJ's] decision was in error in finding that [Plaintiff] could do work with the [GED] reasoning level up to three." (Doc. 22 at 6 (original typeface omitted)). More specifically, Plaintiff argues that the ALJ erred by: (1) finding that an individual with Plaintiff's educational background could maintain an RFC with GED reasoning level three; and (2) relying on VE testimony after "assum[ing] that the [VE] would have agreed with the information contained in the [DOT]." (*See id.* at 7-8).

In support, Plaintiff includes a summary of the case law regarding apparent conflicts between VE testimony and the DOT. (*See id.* at 6-7 (citing Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018); *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1311 (11th Cir. 2021))). As for his case-specific arguments, Plaintiff highlights that he "was retained in the 10th grade, . . . [took] special education classes[,] and had very limited mathematical abilities." (*Id.* at 7 (citing Tr. at 61, 1264)). Plaintiff then summarily concludes that "[t]he decision fails to explain how a person with [Plaintiff's] education background could perform jobs with a [GED] reasoning level of [three]." (*Id.*).

Moreover, even though the ALJ found that Plaintiff could perform work as a bagger, final inspector, and marker, none of which require a GED reasoning level of more than two, Plaintiff contends that the ALJ erred in relying on the VE's

6

testimony because "the [VE] does not have to agree with the information contained in the [DOT]." (*Id.* at 8). Plaintiff argues that "[i]t cannot be assumed that the [VE] would have agreed with the [DOT]" because the identified jobs "may be more complex or detailed and require higher skill level or reasoning level" than they did when their DOT descriptions were last updated. (*Id.*). As an example, Plaintiff points out that "the [Occupational Information Network, ("O*Net")], a more current vocational information publication," requires a Specific Vocational Preparation ("SVP") range of between four and six for a modern version of work as a marker. (*Id.*). Thus, according to Plaintiff, "[t]he [VE] could have found that the information contained in the O*Net was more current and the job as it is performed today requires a [GED] reasoning level equivalent to a three." (*Id.*).

In response, the Commissioner first argues that substantial evidence supports the ALJ's finding that Plaintiff had the RFC to perform simple, routine, repetitive tasks such as unskilled work with an SVP of one or two and a GED reasoning level up to three. (*See* Doc. 23 at 5-9 (citations omitted)). Next, the Commissioner contends that (1) the Court cannot consider the O*Net data provided by Plaintiff because the VE never mentioned any O*Net information and Plaintiff did not present the O*Net information at the hearing, (*id.* at 9-10 (citing *Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009-10 (11th Cir. 2020))); (2) the ALJ was required to rely on the DOT, rather than the O*Net, in conjunction with the VE's testimony, (*id.* at 10 (citing *Tisdale v. Soc. Sec. Admin., Comm'r*, 806 F. App'x 704, 711 (11th Cir. 2020))); and (3) Plaintiff improperly failed to distinguish between SVP level and

7

GED reasoning level in arguing that the O*Net provides reliable information, (*id.* at 10-11 (citations omitted)).  Finally, the Commissioner asserts that, in this case, the ALJ did not have to identify or resolve any apparent conflicts under SSR 00-4p and *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018), because Plaintiff never alleged that the VE's testimony conflicted with the DOT. (*Id.* at 11 n.2 (citations omitted)).

An ALJ is required to determine a plaintiff's RFC.  *See* 20 C.F.R. § 416.945(a).  The RFC is "the most" a plaintiff can do despite his physical and mental limitations.  20 C.F.R. § 416.945(a).  To determine a plaintiff's RFC, the ALJ must use all relevant medical and other evidence in the record.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); 20 C.F.R. § 416.945(e).  When the Commissioner's decision is supported by substantial evidence, however, the Court will affirm, even if the Court would have reached a contrary result as the ALJ and even if the Court finds that "the evidence preponderates against" the Commissioner's decision.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Here, as mentioned above, the ALJ determined that Plaintiff retains the RFC to perform simple, routine, repetitive tasks such as unskilled work with an SVP of one or two and a GED reasoning level up to three. (Tr. at 32).  An SVP rating "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App'x C (4th ed. 1991), 1991 WL 688702.  Consistent with the ALJ's RFC determination, unskilled work

8

corresponds to an SVP rating of one or two.  *See* SSR 00–4p, 2000 WL 1898704, at *3.  The GED scale, on the other hand, "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, App'x C (4th ed. 1991), 1991 WL 688702.  "This is education of a general nature which does not have a recognized, fairly specific occupational objective."  *Id.* "The GED Scale is composed of three divisions:  Reasoning Development, Mathematical Development, and Language Development."  *Id.*  Relevant here is the GED reasoning division, which ranges from a rating of one to six and measures a claimant's ability to engage in certain basic functions related to education and requires the claimant to be able to carry out instructions and performing mental tasks.  *See id.*  For example, GED reasoning level three requires claimants to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[ and d]eal with problems involving several concrete variables in or from standardized situations."  *Id.*

As for Plaintiff's first argument—that the ALJ erred by finding that an individual with Plaintiff's educational background could maintain an RFC with GED reasoning level three, (*see* Doc. 22 at 7)—the Court need not address it. Rather, even assuming *arguendo* that the ALJ erred by finding that Plaintiff maintained the RFC to perform work at GED reasoning level three, a remand is unnecessary as the error would be harmless.

In that regard, the ALJ found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy:  final inspector, marker,

9

and bagger. (Tr. at 36). The DOT descriptions for the jobs state that the occupations of final inspector and marker both require a GED reasoning level of two and the occupation of bagger requires a GED reasoning level of one. *See* DOT# 920.687-018, 1991 WL 687965 (bagger); DOT# 727.687-054, 1991 WL 679672 (final inspector); DOT# 209.587-034, 1991 WL 671802 (marker). Additionally, Plaintiff does not argue that he cannot perform jobs requiring GED reasoning level two. (*See* Doc. 22).

Thus, even if the ALJ erred by finding Plaintiff capable of performing work at GED reasoning level three, any error was harmless because (1) the ALJ determined that Plaintiff can perform work as a final inspector, marker, and bagger and (2) Plaintiff does not argue that he cannot perform work at GED reasoning level one or two. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) for the proposition that "[w]hen . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand"); *see also Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (finding that even if the ALJ had erred in identifying two jobs that required a GED reasoning level of three that apparently conflicted with the RFC, the error was a harmless one).

As to Plaintiff's second argument—that any error by the ALJ could not have been harmless because the VE did not need to rely on the DOT and could have found that the identified jobs required a GED reasoning level higher than two based

10

on an assessment of the jobs in O*Net, (*see* Doc. 22 at 8)—the Court is not persuaded.

Plaintiff's argument is speculative and cites no legal authority suggesting that the ALJ or the VE must consider O*Net as a vocational resource. (*See* Doc. 22). In fact, as highlighted by the Commissioner, there is case law rejecting Plaintiff's argument. *See Tisdale*, 806 F. App'x at 711 ("The regulations do not mention O*Net as a source of reliable data or require the agency to compare data from the DOT to O*Net data. On the other hand, the ALJ *was* required to (and did) consider the DOT in conjunction with the vocational expert's testimony.") (emphasis in original).

In addition, in social security cases, reviewing courts are limited to the certified administrative record in examining the evidence. *See Cherry v. Heckler*, 760 F.2d 1186, 1193-94 (11th Cir. 1985) (citation omitted). Thus, even if the O*Net were a reliable source of information, the Court finds that its contents are not subject to review by this Court. *See Valdez*, 808 F. App'x at 1009-10 (finding that the ALJ's decision on jobs in the national economy was supported by substantial evidence despite the ALJ's and VE's failure to consider the Department of Labor's occupational employment statistics when Plaintiff did not present the statistics to the ALJ or object to the VE's testimony). As a result, the Court is not satisfied that any of the information in the O*Net, when it was presented for the first time to this Court, provides a basis to find that the VE's testimony did not constitute substantial evidence or that the ALJ's decision is unsupported by substantial evidence. *See id.*

Finally, as to Plaintiff's citations regarding apparent conflicts, (*see* Doc. 22 at 6-7 (citing SSR 00-4p, 2000 WL 1898704; *Washington*, 906 F.3d at 1353; *Viverette*, 13 F.4th at 1309)), the Court notes that Plaintiff includes no arguments related to the doctrine nor does he allege that the facts of this case lend themselves to an apparent conflict analysis, (*see id.* at 1-10). As a result, the Court finds that Plaintiff waived any argument that the ALJ failed to identify an apparent conflict between the VE's testimony and the DOT. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (finding that a plaintiff's perfunctory argument was abandoned).

Moreover, even if Plaintiff had set forth an argument asserting that an apparent conflict existed between the VE's testimony and the O*Net, the Court would have found that the ALJ did not have to identify the alleged apparent conflict. As discussed in the Eleventh Circuit decision in *Washington*, an apparent conflict must be between the VE's testimony and the DOT. *See Washington*, 906 F.3d at 1365. Accordingly, the ALJ was under no obligations to identify or resolve any inconsistency between the VE's testimony and the information contained in the O*Net. *See Sansom v. Saul*, No. 8:20-cv-775-JDW-AAS, 2021 WL 3476598, at *7 (M.D. Fla. June 30, 2021), *report and recommendation adopted*, 2021 WL 3205695 (M.D. Fla. July 29, 2021) (rejecting a plaintiff's argument that remand was required in light of an alleged in consistency between the DOT and a SkillTRAN job

12

description because apparent conflicts must be between the VE's testimony and the DOT).

In sum, the Court finds that even if the ALJ erred in his RFC determination, any error would have been harmless given Plaintiff's ability to perform jobs existing in significant numbers in the national economy that only necessitate a GED reasoning level of two or less. The Court also finds that the VE's testimony constituted substantial evidence, such that it supported the ALJ's final determination. As a result, the Court finds that the ALJ's decision is supported by substantial evidence and, therefore, is due to be affirmed.

### VI. Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Tampa, Florida on September 20, 2022.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

14